# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANE DOE "VICTIM",

    Plaintiff,

v.                                                            No.18-CV-00085 WP/KK

ALBUQUERQUE PUBLIC SCHOOLS "APS,"
MONTE VISTA ELEMENTARY SCHOOL,
JOHN AND JANE DOE APS OFFICIALS
AND EMPLOYEES, AMY LAUER,[1]
AND WILLIAM BEEMS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
### (1) GRANTING DEFENDANT'S MOTION TO DISMISS ON PLAINTIFF'S FEDERAL CLAIMS;
### (2) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS;
### (3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SANCTIONS;
### and
### (4) REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court upon Defendant William Beems' Motion to Dismiss, filed June 12, 2018 **(Doc. 35)**. Having reviewed the parties' briefs and applicable law, the Court grants Defendant's motion with respect to Plaintiff's federal claims, but denies the motion with respect to the state law claims for the reason that the Court declines to exercise supplemental jurisdiction. Therefore, the state law claims are remanded to state court in the Second Judicial District, County of Bernalillo.

## BACKGROUND

---

[1] Defendant's last name is also spelled "Laure," e.g., in the caption of the Complaint (see Doc. 1-2), but the name appears as "Lauer" more frequently.

Plaintiff filed this action pursuant to Title IX, Title VII and other federal statutory provisions alleging that she was sexually assaulted by Defendant William Beems ("Defendant") while she was a student at Monte Vista Elementary School approximately twenty years ago. Plaintiff alleges misconduct by Defendant involving inappropriate touching of Plaintiff's intimately private areas that was "overtly sexual in nature." Compl., Doc. 1-2, ¶¶140-141. She filed this lawsuit on December 20, 2017 in the Second Judicial District, County of Bernalillo. Defendants removed the case to federal court under federal question jurisdiction (28 U.S.C. §1331). The Complaint contains six counts:

> Count I: Sexual Assault, Abuse and Battery against Defendant Beems;
> Count II: Negligence and Premises Liability;
> Count III: Vicarious Liability and Premises Liability;
> Count IV: Negligent and Intentional Infliction of Emotional Distress;
> Count V: Violations of Plaintiff's Due Process, Equal Protection and Constitutional Rights (state and federal);[2] and
> Count VI: Outrage, Systemic Failure and Prima Facie Tort.

## DISCUSSION

In this motion, Defendant Beems ("Defendant") moves to dismiss Plaintiff's federal and state claims for lack of subject matter jurisdiction, under Fed.R.Civ.P. 12(b)(1).

### I. Federal Claims Asserted Under 42 U.S.C. §1983 (Count V)

Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's federal claims because they are time-barred under any applicable statutes of limitations and

---

[2] In the Joint Status Report, Plaintiff claims she filed this action "pursuant to Title IX, Title VII and other federal statutory provisions . . . ." Doc. 11 at 1. However, these claims are included in Count V rather than alleged separately.

toward this end, challenges the actual facts upon which subject-matter jurisdiction is based. Doc. 36 at 4.[3] Defendant also moves for dismissal of Plaintiff's claims under Rule 12(b)(6).

Challenging a claim based on a statute of limitations must be asserted as an affirmative defense under Rule 8(e), and Defendant did assert this defense in his answer. *See* Doc. 7 at 29 (Fifth Defense). Statutes of limitations are generally subject to equitable tolling, and are therefore not jurisdictional. *See U.S. v. Kwai Fun Wong,* 135S.Ct. 1625 (2015); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95-96 (1990) (statutes of limitations applicable to claims against the government are presumed to be subject to equitable tolling); 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (a complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy). While there are exceptions to the non-jurisdictional nature of limitations issues, this case does not present one of them, since Defendant contends that Plaintiff's claims are not subject to any relevant tolling statutes. *Cmp. e.g., Aloe Vera of America, Inc. v U.S.,* 580 F.3d 867, 871-872 (9th Cir. 2009 (limitations period for filing suit for IRS' wrongful disclosure of tax information is jurisdictional). Therefore, the Court considers Defendant's arguments using a Rule 12(b)(6) standard rather than a Rule 12(b)(1) standard challenging subject matter jurisdiction.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions are not

---

[3] Motions to dismiss for lack of subject-matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002). Here, Defendant states that he is making a factual attack on the complaint's allegations.

to be considered by the Court in evaluating a motion to dismiss. *Id.* Mere labels, conclusions or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. *Id.* at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level"). In ruling on a motion to dismiss a complaint or specific claims, the Court should "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn. Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Here, the Court must determine whether Plaintiff has alleged a plausible claim that falls within the limitations period, based on the facts alleged and assuming those facts to be true.

A. Tolling Statutes

Plaintiff alleges that Defendant sexually assaulted her throughout the period of 1998-2003. Compl., Doc. 1-2, ¶133. She brings all of her federal claims in Count V, which is a mixed bag of (a) federal constitutional claims asserted under §1983 (due process, equal protection), (b) federal statutory claims (e.g., Title IX),[4] and (c) state constitutional claims. In this discussion, the Court addresses Plaintiff's §1983 claims, although all of Plaintiff's federal claims will ultimately be dismissed on timeliness grounds.

Plaintiff alleges that this lawsuit was brought "within the time limits set forth under New Mexico and Federal law for initiation of causes of action arising out of and surrounding the sexual battery, abuse and molestation she suffered as a minor child." Compl. at ¶5. Defendant contends that Plaintiff's §1983 claims are time-barred, even when considering relevant state tolling provisions.

---

[4] *See, e.g., Seamons v. Snow*, 84 F.3d 11226, 1233 (10th Cir. 1996) (§1983 action cannot be based on violation of Title IX).

Section 1983 does not have its own statute of limitations. The Tenth Circuit noted in *Varnell v. Dora Consol. Sch. Dist.*, that the United States Supreme Court settled the law on this issue in *Wilson v. Garcia*, which held that for §1983 claims arising in New Mexico—as well as Title IX claims—the limitations period is three years for personal injury claims. *Varnell,* 756 F.3d 1208, 1212 (10th Cir. 2014) (citing *Wilson v. Garcia,* 471 U.S. 261, 269 (1985)). The *Varnell* court further noted that not only the length of the limitations period, but also "closely related questions of tolling and application" are determined by state law in §1983 actions. *Id.*

Plaintiff acknowledges that she filed this lawsuit outside of the three-year limitations period. The question here is whether any of the relevant state tolling provisions apply, namely, the New Mexico child abuse tolling statute, NMSA 1978, ¶37-1-30; or the New Mexico infancy statute, §37-1-10.

1. *Child Abuse Tolling Statute, §37-1-30*

This statute provides that an action for damages based on personal injury caused by childhood sexual abuse shall be commenced by a person before the latest of the following dates:

> (1) the first instant of the person's twenty-fourth birthday; or (2) three years from the date of the time that a person knew or had reason to know of the childhood sexual abuse and that the childhood sexual abuse resulted in an injury to the person, as established by competent medical or psychological testimony.

NMSA §37-1-30(A). However, under Tenth Circuit precedent, state statute of limitations or tolling provisions restricted to child-abuse cases do not apply to §1983 claims. *Varnell,* 756 F.3d at 1213 (referring to earlier decisions concluding that §1983 incorporates only a state's *general* tolling provisions) (emphasis added)(citing *Blake v. Dickason,* 997 F.2d 749, 750–51 (10th Cir.1993) and *Wilson v. Garcia*, 471 U.S. 261(1985); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th

5

Cir.1995) (noting that § 1983 incorporates state *general* tolling provisions) (emphasis added); *Wilson*, 471 U.S. at 269. Thus, Plaintiff cannot rely on §37-1-30 to toll her §1983 claims.

Plaintiff recognizes both the three-year limitations period for §1983 claims and concedes that the child abuse tolling provision does not apply to her case because it is not generally applicable. Doc. 41 at 10. Still, she urges the Court to follow *Cosgrove v. Kansas Department of Social Rehabilitation Services,* 162 Fed.Appx. 823, 827–28 (10th Cir. 2006), which did apply this tolling provision to a plaintiff's §1983 claims. This the Court cannot do, since *Varnell* expressly rejected *Cosgrove.* 756 F.3d at 1213("Unpublished decisions are not precedential).

### 2. *Infancy Statute, §37-1-10*

New Mexico also has a tolling provision which tolls the limitations period because of minority or incapacity and reads as follows:

> The times limited for the bringing of actions by the preceding provisions of this chapter [including the three-year period for torts] shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said action.

N.M. Stat. Ann. § 37–1–10 (West 2014) (emphasis added). The *Varnell* case is again instructive when considering whether Plaintiff's federal claims can be tolled in this case.[5] The plaintiff in *Varnell* alleged child sexual abuse by a school coach which occurred during the 2006-2007 school year when she was in the ninth grade. The district court dismissed plaintiff's federal

---

[5] The Court may refer to Plaintiff's §1983 claims as "federal claims," since Plaintiff has included all federal claims within one Count, but also because all of the federal claims are untimely for the same reasons. For example, Plaintiff's Title IX claim is governed by the same federal common-law tort standard under *Varnell,* and any Title claim Plaintiff may be asserting has different timeliness requirements, including administrative exhaustion. *See Shikles v. Sprint/United Mgmt Co*., 426 F.3d 1304, 1317 (10th Cir. 2005) (exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit); *see also* 42 U.S.C. § 2000e 5(e)(1) (EEOC charge must be filed within a specified period (either 180 or 300 days, depending on the State). There is no reference at all in the complaint as to whether Plaintiff has satisfied any of these requirements, and so these claims are not plausibly pled under *Iqbal-Twombly,* and are therefore as untimely as Plaintiff's §1983 claims.

claims as time-barred because she was 20 years old when she filed her lawsuit and failed to show any incapacity which would have otherwise prevented her from filing suit before then. 756 F.3d at1214 (10th Cir. 2014).

Under the time-related facts asserted in the complaint for this case, Plaintiff alleges that she was assaulted and abused while she was a grade school student at APS, throughout the period of 1998-2003, with the last alleged abuse occurring in 2003. Compl., ¶¶2, 108,133 & 165. Extrapolating from these facts, the years of the alleged abuse would be the five-year period Plaintiff attended Monte Vista Elementary School: 1998-99; 1999-2000; 2000-2001; 2001-2002; and 2002-2003. Although not specified in the complaint, the Court can deduce that these years refer to Plaintiff's attendance either from kindergarten through fifth grade, or from first through sixth grade. *See Wysong Corp. v. APN, Inc. (17-1975)*, 889 F.3d 267 (6th Cir. 2018) (judicial experience and common sense guide determination on whether complaint supports a plausible claim).

Thus, based on New Mexico's public school enrollment and attendance requirements, Plaintiff would have been at least 5 when she entered kindergarten and at least 6 when she entered first grade. *See* N.M. Stat. Ann. § 22-12-2 (2015) and N.M. Stat. Ann. § 22-1-2(O) (2015). Plaintiff's date of birth would be either 1992 at the earliest (if Plaintiff started Monte Vista Elementary in first grade) or 1993 at the latest (if she started the school in kindergarten). Plaintiff would have reached her age of majority in 2011 or earlier (DOB 1992 + 18 years = 2010; DOB 1993 + 18 = 2011) and under §37-1-10, she had until her 19th birthday, which occurred in December 2012, to bring her federal claims. *See* Doc. 36-1 (e-mail confirmation of Plaintiff's months/year of birth by counsel). Instead, Plaintiff filed this lawsuit in December

2017—five years too late, and so Plaintiff cannot rely on §30-1-10 for the tolling of her federal claims.

Plaintiff suggests no other tolling provision that might apply to her federal claims. Instead, she claims that her claims accrued, or should be deemed to have occurred, much later than the time that they occurred. *See Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201 (1997) (standard rule is that the limitations period commences when the plaintiff has "a complete and present cause of action").

B. <u>Accrual and Discovery of Federal Claims</u>

In her response, Plaintiff contends that she did not discover that she was abused until she underwent therapy in 2014, less than three years prior to filing the complaint, relying on the federal "discovery rule," which delays accrual of a claim until a plaintiff knew or should have known the facts necessary to establish her cause of action. *Varnell,* 756 F.3d at 1216. *See* Doc. 41 at 9. Plaintiff argues that this is a situation of "delayed discovery" due to emotional and psychological trauma and denial, and that it is common for a first or second grader to repress the kind of sexual abuse alleged in the complaint until adulthood when it is discovered during the course of psychological counseling or therapy. Doc. 41 at 9.

Under Tenth Circuit precedent, the time of accrual of a § 1983 claim is a matter of federal law "*not* resolved by reference to state law." *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (emphasis in original). The same is true of a claim brought under Title IX. *See Baker v. Bd. of Regents,* 991 F.2d 628, 632 (10th Cir. 1993). Federal law governing accrual of causes of action "conform[s] in general to common-law tort principles." *Wallace,* at 388, 127 S.Ct. 1091. Under those principles, it is the "standard rule that accrual occurs when the plaintiff has a complete and

8

present cause of action, that is when the plaintiff can file suit and obtain relief." *Id.;Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d at 1208.

In determining the accrual date for the *Varnell* plaintiff's claim, the Tenth Circuit found battery to be the most analogous common-law tort to plaintiff's §1983 claim, and found that the battery was "complete upon physical contact, even though there is no observable damage at the point of contact." 756 F.3d at 1216. Applying that common-law standard, the court found that plaintiff's claim accrued no later than the last incident of sexual abuse, sometime in late 2006 or early 2007, which was the same year in which the alleged abuse occurred. The *Varnell* plaintiff also argued that her claims accrued much later than when they occurred because she did not realize the extent of her psychological injury until shortly before filing suit, just as Plaintiff does here. The Tenth Circuit rejected that argument, finding that even if the discovery rule applied to plaintiff's §1983 claim, she knew long before she filed suit all the facts necessary to sue and recover damages.

The *Varnell* analysis is valid for this case as well. Plaintiff claims that the abuse she suffered was not revealed to her until she underwent therapy, but these "facts" are presented only in the response, and are not asserted in the complaint.[6] Plaintiff points to certain facts in the complaint regarding alleged intimidation by the school and by Defendant which continued from the time of the abuse to the present, in order to discourage her from coming forward. Compl., ¶¶72, 80. Assuming these facts to be true, they belie Plaintiff's claim that she did not "discover" the abuse until 2014. The Court therefore finds that, based on the facts in the complaint and on her own representations in argument, Plaintiff had to know, or should have known, of all the

---

[6] As Defendant observes, the words "tolling," "repressed," and "memory" do not appear anywhere in the complaint.

facts necessary to bring a timely action against Defendant for sexual abuse and concludes that there is no basis to apply the discovery rule to this case.

  C. <u>Continuing Violation Doctrine</u>

  Thus far, neither the relevant tolling provisions nor the federal discovery rule allows Plaintiff's federal claims to proceed past the applicable three-year limitations period. Plaintiff next proposes that the "continuing violation" doctrine should apply in order to relate her older claims back to a time within the limitations period. This doctrine, which applies to Title VII claims, is "premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Davidson v. America Online, Inc*., 337 F.3d 1179, 1184 (10th Cir. 2003). It does not apply to discrete acts of discrimination. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); and it does *not* apply to §1983 claims. *See Mercer-Smith v. New Mexico Children, Youth & Families Dep't*, 416 F. App'x 704, 712 (10th Cir. 2011) (citing *Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir.1994) and *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1514 (10th Cir.1997) (The doctrine of continuing violations applies to Title VII claims because "of the need to file administrative charges," but does not apply to claims that do "not require [the] filing of charges before a judicial action may be brought").

  Plaintiff contends that *Varnell* applied a "form" of the continuing violation doctrine by looking to last act of battery for accrual purposes, but the court in *Varnell* only looked to see when the last alleged incident of abuse occurred, which in that case was 2006 or early 2007. Doing the same here would result in a finding that the last alleged act of abuse was 2003 and Plaintiff's claims are still time-barred.

Plaintiff offers no legal authority for applying the continuing violation doctrine to Title IX claims, nor can the Court find any.[7] *See Folkes v. New York Coll. of Osteopathic Med. of New York Inst. of Tech.*, 214 F. Supp. 2d 273, 288 (E.D.N.Y. 2002) (noting that parties had not cited to a case applying doctrine to case at bar and finding the doctrine to be a "poor fit" in light of Title IX's goals). The Court finds no reason to consider this doctrine further and finds that the doctrine does not apply to Plaintiff's federal claims under §1983, Title VII and Title IX.[8]

## II. Other Federal Claims

### A. Claims Under 18 U.S.C. §2255

Paragraphs 183 through 189 of the Complaint is a jumble of federal statutes which includes criminal jurisdictional statutes, *see* ¶¶180, 181, as well as civil remedy statutes for victims of crimes, *see* ¶¶184, 185; ¶183 ("Defendants acted contrary to USC §§§ 2251 through 2260"). This part of the complaint is not clearly pled, although Plaintiff seems to be alleging a claim under 18 U.S.C. §2255:

> Under section 2255 of Title 18, United States Code, Plaintiff, as a minor child victim of actions of Defendants contrary to Section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 and William Beems' violations thereof has a federal enforced and protected right to remedy for actual damages.

Doc. 1-2, ¶189. These claims are not subject to the time-bar for §1983 claims, but there are other problems with these claims. First, there is no evidence that Defendant has been convicted of any

---

[7] Title IX provides, that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A school district could be liable under Title IX if had actual knowledge of the sexual harassment and was deliberately indifferent to reports of such conduct. *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008).

[8] Plaintiff alleges that Defendants were on notice from 1998 to present that the repeated touching of a first and second grade student . . . constituted a violation of that student's substantive due process rights." Doc. 1-2, ¶165. However, even assuming the continuing violation doctrine applied to Title IX claims, claims against APS would be dismissed if the underlying federal claims against Defendant Beems were dismissed. *See* discussion below.

of the predicate offenses listed in 18 U.S.C. §2255, so the Court would have to assume that a criminal conviction is not necessary for Plaintiff to assert a claim for a civil remedy under §2255. *See Cisneros v. Aragon,* 485 F.3d 1226, 1232 (10th Cir. 2007). However, this issue need not be resolved, because the other problem with Plaintiff's §2255 claim is that Plaintiff has not provided any facts that come anywhere close to asserting a plausible claim under the statute for any of the predicate offenses.

In response, Plaintiff insists that she *has* sufficiently pled a claim under §2255 and argues that it is premised on Defendant's use of his automobile to transport her to his private home as part of inducing Plaintiff into illicit sexual contact. However, the predicate offenses on which Plaintiff relies relate to criminal sexual activity, coercion and enticement by means of interstate commerce. *See, e.g.,* 18 U.S.C. §2242, §2422, §2423. Under the Commerce Clause of the United States Constitution, Congress has the power "to regulate *Commerce* with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., Art. I, Sec. 8, Clause 3. As Defendant notes, the Commerce Clause cannot be read so broadly as to cover an allegation of an automobile being used within the City of Albuquerque as having any effect on the furtherance of interstate commerce, which limits federal criminal jurisdiction.[9] There is no way to read the facts presented in the Complaint to support a claim that Defendant's conduct was carried out through interstate commerce and Plaintiff's §2255 claim fails on that basis as well and must be dismissed under Rule 12(b)(6).

  B.  <u>Defendant's Request for Sanctions</u>

---

[9] Again, the Court would have to assume that 18 U.S.C. §2255 that a plaintiff could bring a claim under §2255 without a defendant being convicted of any of the predicate offenses. Here, the Court would be reluctant to proceed with the §2255 claim even if the Complaint survived an *Iqbal-Twombly* analysis.

Defendant contends that Plaintiff's unsupported claims under §2255 "indict" Mr. Beems with criminal conduct without any regard for the safeguards or due process requirements inherent in the criminal law process, and further contends that Plaintiff's counsel intentionally included those claims in the complaint in order to compel a financial settlement. Doc. 36 at 22. Defendant urges the Court to impose sanctions under this Court's inherent authority against Plaintiff's counsel for engaging in bad faith conduct amounting to litigation abuse. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("a federal court has the power to control admission to its bar and to discipline attorneys who appear before it).

The Court has previously expressed concerns over the manner in which Plaintiff's counsel has litigated this case, having encountered pleading deficiencies when considering a co-defendant's motion to dismiss, *see* Doc. 33 at 7.[10] The Court is not inclined to consider Defendant's sanctions request without full briefing of the issue by the parties, and so denies Defendant's request without prejudice. Defendant may file a separate motion to request sanctions which shall include the legal and factual bases for the request **within thirty (3) days of the entry of this Order.** In the event Defendant files a motion for sanctions, the briefing for a response and reply will proceed according to this Court's local rules, and the Court will retain jurisdiction following remand of this case, for the limited purpose of addressing the sanctions issue.

C.    No Remaining Federal Claims

Based on the Court's rulings in this Order and in previous orders, no federal claims remain in this lawsuit. *See* Doc. 33 (dismissing Count V as to Defendant Lauer). Further, with

---

[10] In referring to counsel's drafting of the complaint, the Court stated: "In short, the drafting of the complaint indicates either a sloppiness and lack of due care on Plaintiff's counsel's part, or an unfamiliarity with the various federal legal theories Plaintiff's counsel purports to raise in this case." Doc. 33 at 7.

the dismissal of Plaintiff's §1983 claims based on untimeliness, there is no underlying constitutional deprivation for which to hold the other school defendants liable. *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000). (to establish a *Monell* claim, plaintiff must show an underlying constitutional violation); *Dry v. U.S.*, 235 F.3d 1249, 1259 (10th Cir. 2000) ("In the absence of an underlying constitutional violation, there can be no derivative liability"); *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir.1995). As a result, all of Plaintiff's federal claims are dismissed with prejudice as to all Defendants in this lawsuit.

### III. State Law Claims

Plaintiff asserts state law claims in Counts I, II, III and VI, and these are now the remaining claims in this lawsuit. However, because all of the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. §1367(a). *United States v. Botefuhr*, 309 F.3d 1263, 1273–74 (10th Cir. 2002)); *see also Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990) ("Because we dismiss the federal causes of action prior to trial, we hold that the state claims should be dismissed for lack of pendent jurisdiction."). This case will be remanded to state court.

## CONCLUSION

In sum, this Court finds and concludes that Plaintiff's claims brought under 42 U.S.C. §1983, Title IX and Title VII are time-barred and not subject to any tolling or continuing violation doctrine that would extend the three-year limitations period applicable to §1983 claims for personal injury in New Mexico. These claims are therefore dismissed with prejudice under Fed.R.Civ.P.12(b)(6).

The Court also finds and concludes that Plaintiff's other federal claims, including claims brought under 18 U.S.C. §2255, are not sufficiently alleged to meet the requirements under Fed.R.Civ.P.12(b)(6) and the standards under *Iqbal-Twombly* (assuming in the first place that a criminal conviction for the predicate offenses is not necessary in order to allege them).

The Court further finds and concludes that it will decline supplementary jurisdiction over Plaintiff's state law claims, for which reason this case shall be remanded to state court.

Finally, the Court declines to consider Defendant's request for sanctions at this time, although the Court will retain jurisdiction over the matter should Defendant file a separate motion seeking sanctions **within thirty (30) days from the entry of this Order. THEREFORE,**

**IT IS ORDERED** that Defendant William Beems' Motion to Dismiss **(Doc. 35)** is hereby GRANTED in part with respect to Plaintiff's §1983 claim and all other federal claims for reasons described in this Memorandum Opinion and Order; and DENIED in part with respect to the remaining state law claims on the ground that this Court declines to exercise supplemental jurisdiction over those claims;

**IT IS FURTHER ORDERED THAT THE CLERK OF COURT IS HEREBY DIRECTED TO TAKE THE NECESSARY ACTIONS TO HAVE THIS CASE REMANDED BACK TO THE SECOND JUDICIAL DISTRICT, COUNTY OF BERNALILLO.**

_____
CHIEF UNITED STATES DISTRICT JUDGE